Angel R. Sevilla (State Bar No. 239072)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111
Telephone:   (415) 394-9400
Facsimile:    (415) 394-9401
E-mail:        angel.sevilla@jacksonlewis.com

Attorneys for Defendant,
TECH AIR OF NORTHERN CALIFORNIA,
LLC [erroneously named as Tech Air, Inc.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| YESENIA MANFUT, | Case No. |
|---|---|
| Plaintiff, | (Alameda County County Superior Court, Case No. RG19001248) |
| v. | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331; 1367(A) AND 1441** |
| TECH AIR, INC., and DOES 1 through 100, | |
| Defendants. | **[FEDERAL QUESTION]** |
| | (Filed concurrently with Declaration of Angel R. Sevilla and Civil Case Cover Sheet) |
| | Complaint Filed:   January 3, 2019<br>Complaint Served:  February 28, 2019<br>Removal Filed:      March 20, 2019<br>Trial Date:              None Set |

To the Honorable Judges of the United States District Court for the Northern District of California, Plaintiff YESENIA MANFUT, and her attorneys of record:

PLEASE TAKE NOTICE that Defendant, TECH AIR OF NORTHERN CALIFORNIA, LLC [erroneously named as Tech Air, Inc.] ("Defendant"), hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1367(a) and 1441(a), and remove the above-entitled action to this Court from the Superior Court of the State of California for the County of Alameda.

/ / /

/ / /

**PRELIMINARY STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1367(a), and 1441(a) because it is a civil action brought under federal law.

**VENUE**

2. Although Defendant reserves the right to move for a transfer of venue to the venue most appropriate and convenient for all parties, Defendant alleges that venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in the Superior Court of the State of California, in and for the County of Alameda. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

3. The United States District Court, Oakland or San Francisco Division, is the proper division for this action under Northern District of California, Local Rule 3-2(d), which states that all civil actions which arise in the county of Alameda shall be assigned to the Oakland or San Francisco Division.

**PLEADINGS**

4. On January 3, 2019, Plaintiff filed a civil Complaint against Defendant in the Superior Court of the State of California for the County of Alameda entitled "*Yesenia Manfut v. Tech Air, Inc.*," Case No. RG19001248. A true and correct copy of the Complaint is attached to this Notice as **Exhibit A** to the Declaration of Angel R. Sevilla, filed herewith.

5. Plaintiff alleged the following federal causes of action in the Complaint: (1) discrimination under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; and (2) retaliation under the FMLA, 29 U.S.C. § 2615, *et seq.*

6. On March 19, 2019, Defendant filed and served its Answer in Alameda County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B**

to the Declaration of Angel R. Sevilla.

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

### TIMELINESS OF REMOVAL

8. Defendant filed this Notice of Removal within 30 days of February 28, 2019, the date in which the Complaint was served on Defendant. (Sevilla Dec., ¶2.) Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

### FEDERAL QUESTION JURISDICTION

9. Federal "district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *See also* 28 U.S.C. § 1367(a).

10. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); N.D. Local Rule 3-2(d).

11. Plaintiff's Complaint alleged the following federal causes of action in the Complaint: (1) discrimination under the FMLA, 29 U.S.C. § 2601, *et seq.*; and (2) retaliation under the FMLA, 29 U.S.C. § 2615, *et seq.*

12. Accordingly, Plaintiff's causes of action for violation of the FMLA arise under federal law, and permits removal based on federal question jurisdiction.

### SUPPLEMENTAL JURISDICTION

13. Plaintiff's remaining causes of action arise from the same transactions and rely on identical and/or substantially common facts for the resolution and thus form part of the same controversy under Article III as Plaintiffs' causes of action for violation of the FMLA. (*See* Exhibit A.) Plaintiff's third cause of action alleges retaliation in violation of the California Family Rights Act ("CFRA"). Plaintiff's fourth cause of action alleges discrimination under the

CFRA. Plaintiff's fifth cause of action alleges discrimination in violation of the California Fair Employment and Housing Act ("FEHA"). Plaintiff's sixth cause of action alleges common law wrongful termination in violation of public policy.

14. Plaintiff's remaining causes of action also rely in whole or in part on the same course of conduct that Plaintiff alleges gives rise to the causes of action for violation of the FMLA. Plaintiff alleges that she was terminated from employment while she was on a protected leave of absence under the FMLA. (Complaint, ¶¶6-7.)

15. Because this Court has original jurisdiction over Plaintiff's causes of action for violation of the FMLA, this Court should exercise supplemental jurisdiction over Plaintiff's remaining claims – which are within the same case or controversy – pursuant to 28 U.S.C. § 1367(a). *See also Sea-Land Service, Inc. v. Lpozen International*, 285 F.3d 808, 813 (9th Cir. 2002); *Picard v. Bay Area Regional Transit Dist.*, 823 F. Supp. 1519, 1526 (N.D. Cal. 1993).

16. Defendant accordingly removes the above-titled action now pending in the Superior Court for the State of California for the County of Alameda to this Court.

## CONCLUSION

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California for the County of Alameda be removed to this Court.

Dated: March 20, 2019                             JACKSON LEWIS P.C.

                                    By:   /s/ Angel R. Sevilla
                                          Angel R. Sevilla
                                          Attorneys for Defendant,
                                          TECH AIR OF NORTHERN
                                          CALIFORNIA, LLC